IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Myles Underwood, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  1:21-cv-1490 |
| Dynamic Recovery Solutions, LLC, a South Carolina limited liability company, and CF Medical, LLC, a Nevada limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

# COMPLAINT

Plaintiff, Myles Underwood, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

## PARTIES

3. Plaintiff, Myles Underwood ("Underwood"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a defaulted consumer debt that he allegedly owed for medical services.

4. Defendant, Dynamic Recovery Solutions, LLC ("DRS"), is a South Carolina limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the Northern District of Illinois. In fact, DRS was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, CF Medical, LLC ("CF Medical"), is a Nevada limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. CF Medical operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Illinois. In fact, Defendant CF Medical was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant CF Medical is a bad debt buyer that buys portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant CF Medical's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7. Defendants DRS and CF Medical are authorized to conduct business in Illinois, and maintain registered agents here, see, record from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct extensive business in Illinois by writing to thousands of Illinois consumers in their attempts to collect debts.

**FACTUAL ALLEGATIONS**

8. On June 18, 2020, Mr. Underwood filed a Chapter 7 bankruptcy petition in a matter styled In re: Underwood, N.D. Ill. Bankr. No. 20-12617. Among the debts included in his bankruptcy was a debt he allegedly owed for medical services to NorthStar Anesthesia of Illinois, see, Schedule E/F to the bankruptcy petition, a portion of which is attached as Exhibit B.

9. Accordingly, on June 21, 2020, NorthStar Anesthesia of Illinois, was sent notice of the bankruptcy by the court, via U.S. Mail; three additional debt collectors, namely, Capio Partners ("Capio"), The Law Offices of Mitchell D. Blum & Associates ("Blum") and AssetCare LLC – two of which, Capio and AssetCare, appear to be related to Defendant CF Medical – were also sent notice of the bankruptcy by the court, via electronic transmission on June 20, 2020, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit C.

10. On September 15, 2020, Mr. Underwood received a discharge of his debts, and on September 16, 2020, Capio, AssetCare and Blum, were sent notice of the discharge, via electronic transmission by the Bankruptcy Noticing Center; NorthStar Anesthesia of Illinois, was sent notice of the discharge by the court, via U.S. Mail on September 17, 2020, see, the Certificate of Service to the Order of Discharge, which is attached as Exhibit D.

11. Plaintiff's bankruptcy is a matter of public record, is in the files of the Creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

3

12. Nonetheless, at some point in time, Defendant CF Medical bought/obtained Mr. Underwood's NorthStar Anesthesia of Illinois account and had Defendant DRS send Mr. Underwood a collection letter, dated March 1, 2021, demanding payment of a NorthStar Anesthesia of Illinois debt which had been discharged in his bankruptcy. A copy of this collection letter is attached as Exhibit E.

13. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

14. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and demanding payment of a debt that was eliminated by a bankruptcy is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA.

15. Mr. Underwood had been informed by counsel and believed that he had the right to refuse to pay this debt, to demand that collection communications cease, and a right to privacy. Defendants' continued collection communications, after he had

4

filed for bankruptcy and been discharged from his debts, made Plaintiff believe that his exercise of his rights through filing bankruptcy may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code, as well as his rights under the FDCPA. Defendants' collection actions resulted in a direct invasion of Mr. Underwood's legally-protected right to be left alone and his right to privacy – rights granted to consumers under § 1692c of the FDCPA.

16. Mr. Underwood had been informed by counsel that he had a right to be represented by counsel as to his debts. Defendants' collection communications made him believe that he did not have the right to be represented by counsel as to his debt that Congress had granted him under the FDCPA. Defendants' collection actions resulted in a direct invasion of Mr. Underwood's legally-protected right to be represented by counsel – a right granted to consumers under § 1692c of the FDCPA.

17. Defendants' actions caused Plaintiff to question whether his counsel had done its job, whether he had been discharged for this debt by filing bankruptcy, whether he had the right to be left alone, and whether he had the right to be represented by counsel – all of which upset, distressed, outraged, and alarmed Mr. Underwood.

18. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

19. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

5

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

20. Plaintiff adopts and realleges ¶¶ 1-19.

21. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

22. Demanding payment of a debt that was eliminated by a bankruptcy is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

23. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

24. Plaintiff adopts and realleges ¶¶ 1-19.

25. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

26. Here, the bankruptcy and the notices issued by that court (Exhibits B, C and D), provided notice to cease communications and cease collections. By

6

communicating regarding this debt (Exhibit E) demanding payment and invaded Mr. Underwood's right to privacy, Defendants violated § 1692c(c) of the FDCPA.

27. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Myles Underwood, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Underwood, and against Defendants, for actual and statutory damages;

3. Award Plaintiff his costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Myles Underwood, demands trial by jury.

Myles Underwood,

By:/s/ David J. Philipps___
One of Plaintiff's Attorneys

Dated: March 18, 2021

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

7